UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
WILLIE E. BANKS, :
: CASE NO. 1:11-CV-1759
Plaintiff, :
:
vs. : ORDER
:
DENNIS CAMARILLO, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Court set the trial in this case for April 18, 2012. Since that time, Defendant Dennis Camarillo has filed a notice of appeal, *see* [Doc. 25], from the Court's order denying his motion for summary judgment, *see* [Doc. 20]. That order concluded, among other things, that genuine disputes about facts material to Camarillo's claim of qualified immunity precluded summary judgment on that basis. As of 4:00 pm, however, Camarillo has not requested a stay of proceedings in this Court.

In an effort to avoid a tremendous waste of the time and resources of the Court, the parties, but most of all the prospective jurors, the Court reminds the parties that trial will begin tomorrow, April 18, 2012, at 8:00 am. Should Camarillo move the Court for a stay pending appeal between now and then, it will be denied. Whether Camarillo is entitled to qualified immunity depends on the resolution of a factual injury, in particular, whether Camarillo fabricated a falsely positive cocaine field test in order to manufacture probable cause to arrest Plaintiff Banks. *See* [Doc. 20]. The

Case No. 1:11-CV-1759
Gwin, J.

parties' dispute on this issue is genuine, *see id.*, and, in any event, whether that dispute is genuine is not a proper basis for an appeal from an order denying qualified immunity. *See Estate of Carter v. Detroit*, 408 F.3d 305, 307 (6th Cir.2005) ("It is clear that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." (internal quotation marks omitted)).

Moreover, to the extent Camarillo intends to argue on appeal that he is entitled to qualified immunity notwithstanding his (alleged) falsification of a cocaine field test (an absurd position that Camarillo has never argued), the Court would find that appeal frivolous and abusive. *See Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) ("[T]his court has suggested in the past that a district court may have jurisdiction to certify an interlocutory appeal from the denial of qualified immunity as frivolous . . . ." (citing *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991))).

Camarillo is of course entitled to appellate review of this Court's determinations, but he may not pursue frivolous appeals in an effort to derail the final determination of this action. Were there any doubt, trial remains set for April 18, 2012, at 8:00 am.

IT IS SO ORDERED.

Dated: April 17, 2012            s/ *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE